Donald SPRINGSTON, Employee *v.*
JONES TRUCK LINES, INC. et al

CA 79-270                                              595 S.W. 2d 247

Court of Appeals of Arkansas
Opinion delivered February 20, 1980
Released for publication March 12, 1980

*Barry J. Watkins,* for appellant.

*Wright, Lindsey & Jennings,* for appellees.

ERNIE E. WRIGHT, Chief Judge. This is an appeal from a decision of the Workers' Compensation Commission.

The appellant, Donald Springston, was injured in 1963 while in the employ of Jones Truck Lines, Inc. The injury was accepted as compensable and the appellant was paid $1,-765.00 for temporary total disability and $1,890.00 for 12% permanent partial disability to the body as a whole. He continued in the employ of appellee Jones Truck Lines and sustained a second compensable injury in July, 1974. He was paid $3258.50 for temporary total disability and $3591.00 for permanent partial disability.

Upon appeal from a decision of the administrative law judge the Commission upheld the determination that appellant was permanently and totally disabled as of July 5, 1974, as a result of the combined effect of the two injuries. The Commission further held Ark. Stat. Ann. § 81-1313 (f)(1) was applicable thereby limiting appellees' total compensation payments made for both injuries in the total sum of $10,504.00. This resulted in an award of 278.13 remaining weeks of compensation payable aggregating $18,-496.00.

Appellant contends the Commission erred in applying Ark. Stat. Ann. § 81-1313 (f)(1); and if the section is applicable it was error to give appellees credit for the compensation paid incident to the 1963 injury.

The section of the statute in question as it existed at the time of the last injury reads:

(f) SECOND INJURY: In cases of permanent disability arising from a subsequent accident, where a permanent disability existed prior thereto:

(1) If an employee receives a permanent injury after having previously sustained another permanent injury in the employ of the same employer, for which he is receiving compensation, compensation for the subsequent injury shall be paid for the healing period and the

permanent disability by extending the period and not by increasing the weekly amount. When the previous and subsequent injuries received result in permanent total disability, compensation shall be payable for permanent total disability but the sum total of compensation payable for previous and subsequent injuries shall not exceed 450 weeks or twenty-nine thousand dollars.

In *Wooten v. Mohawk Rubber Co., et al,* 259 Ark. 830, 536 S.W. 2d 729 (1976), the court had occasion to consider the same statute in the case of a worker who sustained a second permanently disabling injury in the same employment, and was awarded permanent total disability as a result of the combined injuries. At the time of the second injury the statute contained a provision limiting the total compensation for both injuries to $19,500.00. The court held where the combined effect of the two permanently disabling injuries in the same employment resulted in total and permanent disability the total compensation limit in § 81-1313 (f)(1) was applicable.

Prior to the last injury of the present claimant the statute had been revised to increase the maximum liability to $29,-000.00.

We are unable to agree with appellant's contention the statute is applicable only when the employee sustains a subsequent injury while he is continuing to receive compensation for a previous permanently disabling injury suffered in the same employment. The broader language of the introductory sentence in § 81-1313 (f) indicates the legislative intent was otherwise. Also, there would seem to be no reasonable basis for the application of the section only to those workers who were still drawing compensation from the first injury as opposed to those who have drawn all compensation for the first injury when the final permanent injury occurred.

We conclude the decision of the Commission correctly determined the maximum statutory compensation to be $29,-000.00 for permanent total disability under these particular circumstances. Likewise the Commission was correct in

holding appellees were entitled to credit for the compensation previously paid incident to both injuries.

Affirmed.